IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| **RICKEY CLEONN GANN** | § | |
| | § | |
| VS. | § | Civil Action No. 14-1575 |
| | § | |
| **COUNTY OF MONTGOMERY** | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

*1. Parties*

Plaintiff is Rickey Cleonn Gann of 5826 Glen Grove St., Humble, TX 77396.

Defendant is Montgomery County, a government entity and/or a state/municipal governmental organization of a state or municipal corporation, who may be served by delivering a copy of the summons and the complaint to the County Judge of Montgomery County who can be found at 501 North Thompson, Fourth Floor, Conroe, TX 77301.

Other Defendants are Montgomery County Commissioner's Court, which can be found at at 501 North Thompson, Fourth Floor, Conroe, TX 77301; Montgomery County Jail and/or Montgomery County Sherriff's Office who can be found at 1 Criminal Justice Drive #4, Conroe, TX 77301, all of whom are governmental entities under Montgomery County.

Other Defendants include Tommy Gage, and Sgt. Hensley of Montgomery County Sherriff's Office who can be found at the Montgomery County Sherriff's Office at 1 Criminal Justice Drive #4, Conroe, TX 77301.

*2. Jurisdiction*

The Court has federal question jurisdiction over the lawsuit because the suit arises under 42 U.S.C. 1983, a federal statute.

The court also has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

*3. Venue*

Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

*4. Facts of the case*

On May 17, 2012, Plaintiff was arrested for possession of a controlled substance by Montgomery County Sherriff's Department, the Sherriff of whom is Tommy Gage. That department then confined Plaintiff in the Montgomery County Jail until June 2,

2012. On June 2, 2012, agents of Defendant, claiming that Plaintiff had hanged himself transported Plaintiff to Conroe Regional Medical Center. Plaintiff was in a coma until June 5, 2012, and Defendant took Plaintiff back to Montgomery County Jail on June 6, 2012.

On June 9, 2012, Earl Pryor, a private, retained criminal defense attorney working for Plaintiff announced to Defendant's agents that he represented Plaintiff, and upon filling out the necessary request forms, took possession of Plaintiff's personal effects from Defendant.

On June 11, 2012, Defendant's agent, Sgt. Hensley, called Plaintiff's mother by phone and asked whether she could take Plaintiff to a private hospital if they were to release Defendant to her custody following the granting of a PR bond. Defendant's agents did not state that Plaintiff had any particular injuries not related to the first hospitalization mentioned above, and lead Plaintiff's mother to believe that it was only these injuries which required further medical attention. Plaintiff's mother indicated that she would take Plaintiff to a private hospital under those circumstances. Later in the day, Plaintiff was released on a PR bond which included a condition that he should be taken to a private hospital. Plaintiff's mother then took Plaintiff to a private hospital, Kingwood Medical Center, where it was determined that Plaintiff had suffered a number of new injuries. These new injuries suggested that Plaintiff had been severely mistreated and/or grossly neglected while in the custody of Defendant's agents.

All criminal charges arising from Plaintiff's arrest were later dismissed.

For the period of Plaintiff's detention, Defendant had exclusive control over Plaintiff, and the kinds of injuries Plaintiff sustained could only have happened if Defendant had acted with gross negligence. Defendant has more access to the details of Plaintiff's injuries than Plaintiff will, since Plaintiff is now brain damaged, and is unable to understand or at least communicate the details of his experience.

### COUNT 1 – 42 U.S.C. §1983: EXCESSIVE-FORCE CLAIM AGAINST TOMMY GAGE, SGT. HENSLEY IN THEIR INDIVIDUAL CAPACITY

The officers acted willfully, deliberately, maliciously or with reckless disregard for Plaintiffs' established constitutional rights by the conduct described above.

### COUNT 2 – 42 U.S.C. §1983: *MONELL* Claim Against Montgomery County

Montgomery County's policy or custom enabled its agents and employees to act with deliberate indifference to Plaintiffs' constitutional rights in the manner discussed above.

### COUNT 3 – 42 U.S.C. §1983 (Other violations of constitutional rights)

The execution of Montgomery County's policies and/or the actions of officers involved as pled above violates Defendant's Eighth Amendment Right against cruel and unusual punishment, his right to substantive due process, and his Fourth Amendment right to be free from unreasonable seizure, all as applied to the State of Texas and its local governmental entities through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT 4 – STATE-LAW CLAIMS
## DAMAGES

The execution of Montgomery County's policies and/or the actions of officers involved amounts to assault, battery, negligence, and unlawful confinement as those terms are understood under the Common Law of the State of Texas. As a direct and proximate result of the defendants' actions, Plaintiffs suffered the following injuries and damages.

*a. Battery*
While Plaintiff was in the custody of Defendant, Defendant or some agent of Defendant intentionally, knowingly or recklessly made contact with the Plaintiff's person causing bodily injury to plaintiff.

*b. False Imprisonment*
The detention of Plaintiff complained of above was a willful detention of Plaintiff without Plaintiff's consent and without legal authority or justification.

*c. Negligence/Gross Negligence*
While Plaintiff was in Defendant's custody as complained of above, Defendant owed a legal duty to Plaintiff, which Defendant breached and/or grossly breached, proximately causing Plaintiff's injuries.

A. Medical expenses in the past and future.
B. Mental anguish in the past and future.
C. Disfigurement in the past and future.
D. Physical impairment in the past and future.
E. Lost earnings.
F. Loss of earning capacity.
G. Physical pain and suffering.

## ATTORNEY FEES

Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988 (b)

## PRAYER

For these reasons, Plaintiffs ask for judgment against defendants for the following

A. Actual damages;
B. Punitive damages;
C. Reasonable Attorney fees;
D. Postjudgment interest;
E. Costs of suit;
F. All other relief the Court deems appropriate.